**Saleh ELGHASEN, Plaintiff-Appellant,**

v.

**RBS COMPUTER, INC., DBA Royal Management Corporation, Defendant-Appellee,**

and

**Experian Information Solutions, Inc., Defendant.**

No. 15-16283

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2017 San Francisco, California

Filed July 3, 2017

Danny Horen, Michael Kind, Kazerouni Law Group APC, Las Vegas, NV, Jason Ibey, Abbas Kazerounian, Attorney, Kazerouni Law Group, APC, Costa Mesa, CA, David Krieger, Attorney, Haines & Krieger, LLC, Henderson, NV, for Plaintiff-Appellant

Alyssa M. Staudinger, Jones Day, Irvine, CA, for Defendant

Kent F. Larsen, Katie M. Weber, Attorneys, Hills Center Business Park, Las Vegas, NV, for Defendant-Appellee

Before: SCHROEDER, FISHER,* and N.R. SMITH, Circuit Judges.

---

* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

MEMORANDUM **

Saleh Elghasen appeals the District Court's order dismissing his lawsuit for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). He contends that the District Court may exercise specific jurisdiction over his case because RBS had contacts with Nevada that gave rise to his injury, including its reporting his credit information to Experian, doing business with Nevada entities, and directing a Nevada bankruptcy court to send proof-of-claim notices to its Texas address. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

We review the District Court's order de novo. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). However, Elghasen "bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

The District Court properly concluded that it lacked personal jurisdiction over RBS. RBS does not conduct business in Nevada, own property in Nevada, have employees who work in Nevada, or direct communications to Nevada. Contrary to Elghasen's assertions, it was Family Finance, not RBS, that directed the Nevada bankruptcy court to send proof-of-claim notices to RBS's address in Texas. Corporate separateness is a basic tenet of American corporate law, and since Elghasen has not established that RBS and Family Finance are affiliated—let alone argued why we should pierce the veil separating them—we will not impute Family Finance's contact with the bankruptcy court

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

to RBS. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070-71 (9th Cir. 2015).

Taking that purported contact away, the only substantial contact Elghasen alleges between Nevada and RBS that relates to his claims is that RBS misreported the credit information of an individual it knew was a Nevada resident. Elghasen, however, has not shown that RBS knew he was a Nevada resident, and regardless, the Supreme Court's decision in *Walden v. Fiore*, — U.S. ——, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014), establishes that this sort of contact is insufficient to establish personal jurisdiction. *Id.* at 1125 ("Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections."). The conduct that gave rise to Elghasen's alleged injury is RBS's act of sending inaccurate information from its office in Texas to Experian, an entity with no Nevada offices. Thus *Walden* controls; RBS's "relevant conduct occurred entirely" outside Nevada and "the mere fact that [its] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 1126.

**AFFIRMED.**